UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                            Case No. 1:03-cr-291-01
                                               Case No. 1:07-CR-267-01

v.

                                               Hon. Richard Alan Enslen

TOBY T. STUDABAKER,                 United States District Judge

       Defendant.
_____/

**DEFENDANT'S SENTENCING MEMORANDUM
AND
REQUEST FOR DOWNWARD VARIANCE**

The defendant Toby Studabaker will appear before this Honorable Court for sentencing on Friday, March 28, 2008, at 10:00 a.m.  Mr. Studabaker submits this sentencing memorandum to discuss factors that may bear on the sentencing decision to be made by this Honorable Court.

As described in the Presentence Report (PSR), there are two consolidated cases before the Court.  In the 2003 case, Mr. Studabaker, while a United States marine, struck up an on-line relationship with a 12-year-old British girl.  Shortly after his honorable discharge from the Marines, Mr. Studabaker made travel arrangements to meet the girl, met her in England, and flew himself and the girl to France.  While in France, they had sex once.  Mr. Studabaker was ultimately taken into custody in Germany.  PSR, ¶¶ 19-46.

In the 2007 case, Mr. Studabaker permitted sexual images of children to remain on his computer hard-drive.  These images were discovered after Mr. Studabaker sold his

computer to a person who discovered the images.  This, too, was after Mr. Studabaker was honorably discharged from the Marines.  PSR, ¶ 47.

Mr. Studabaker has no objections to the Sentencing Guideline calculation contained in the PSR.  He agrees that his total offense level is 27, his criminal history category is I, and his Guideline range is 70 to 87 months of imprisonment.  PSR, ¶¶ 96, 100, 133.

<u>Reasons for Leniency</u>

Toby Studabaker is a 37-year-old man who has *zero* criminal history points.  Except for the instant offenses, Mr. Studabaker has been a good, law-abiding citizen who served his country in the Marines honorably and with distinction.  Included in his military service was two months in Afghanistan where he saw combat.  He earned a number of medals and ribbons for his service.  PSR, ¶ 128.

Mr. Studabaker was traumatized by the early death of his wife, Jenny, five years after they married.  She was 31.  She died while Mr. Studabaker was in the Marines, making her loss particularly difficult, and causing Mr. Studabaker to suffer from depression.  PSR, ¶¶ 108, 119, 128.  His Marine superiors told Mr. Studabaker to "suck it up," easier said than done under the circumstances.

It was after his wife's death that Mr. Studabaker began drinking alcohol to excess and watching pornography.  PSR, ¶¶ 60, 124.  While he believes this combination led to his inappropriate conduct in these cases, he makes no excuses for his behavior and fully accepts responsibility for his actions.

Request for Variance

In United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the United States Supreme Court held that the Sixth Amendment prohibited the mandatory use of the federal Sentencing Guidelines in a federal criminal case:

> [T]he federal sentencing statute, see Sentencing Reform Act of 1984, (Sentencing Act), as amended, 18 U.S.C. § 3551 et seq., 28 U.S.C. § 991 et seq., makes the Guidelines effectively advisory. It requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a) (Supp.2004).

543 U.S. at 245-46, 125 S. Ct. at 757.

After determining the Guideline range, the Court should consider the factors contained in 18 U.S.C. § 3553(a) to determine a sentence that is "***sufficient, but not greater than necessary***" (emphasis added).[1]  Section 3553(a) requires the district court to consider several different factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant;" the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the appropriate advisory guideline range; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  The district judge can no longer simply rely upon the advisory guidelines, but "must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 602 (2007).

---

[1] This is sometimes referred to as the "parsimony" provision of 18 U.S.C. § 3553(a). United States v. Thompson, ___ F.3d ___, 2008 WL 351283 at *2 (6th Cir. 2/11/2008).

The basis for this variance request is straightforward:  Mr. Studabaker spent four years in a British prison for the 2003 crime in this case.[2]  In determining a sentence that is "sufficient, but not greater than necessary," the four years already served by Mr. Studabaker should be taken into account by this Honorable Court.

## Conclusion

For all of these reasons, the defendant, Toby Studabaker, respectfully requests that this Honorable Court vary below the applicable Guideline in fashioning a sentence.

Respectfully submitted,

Yates, LaGrand & Denenfeld PLLC

/s/ Paul J. Denenfeld

Attorney for Defendant Studabaker
161 Ottawa Ave., NW Suite 404
Grand Rapids, MI  49503
(616) 356-1770

Dated:  March 21, 2008

---

[2] About one of those years was spent while his British attorneys fought his extradition on the basis that the European Convention of Human Rights forbids punishing a person twice for the same crime, which would occur if he was extradited to the United States.  It was, nevertheless, prison, and resulted directly from the identical facts for which he is being sentenced in the 2003 case before the Court.

4