UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    )
                          Plaintiff,          )
                                              )        No. 1:03-cr-291 and 1:07-cr-267
-v-                                           )
                                              )        Honorable Paul L. Maloney
TOBY T. STUDABAKER,                           )
                          Defendant.          )
_____)

## ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Toby Studabaker seeks early termination of his five-year term of supervised release.[1]  The Government opposes the motion.

Defendant served his term of imprisonment and was released in April 2017.  After a defendant has served one year of a longer term of supervised release, a court has the authority to terminate the remainder of the term and discharge the defendant.  *See* 18 U.S.C. § 3583(e)(1); *United States v. Spinelle*, 41 F.3d 1056, 1059 (6th Cir. 1994).

Before terminating the remainder of the term, the court must be "satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1).  The statute directs the court to consider the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7).  These factors include the nature and circumstances of the offense and the history and characteristics of the defendant, whether the sentence imposed afforded adequate deterrence to criminal conduct, any need

---

[1]         The motion was filed in two criminal actions.  In 1:03-cr-291, the motion is entry number 59.  In 1:07-cr-267, the motion is entry number 36.

to provide the defendant with training, medical or other correctional treatment, the sentence imposed and the sentence range, the need to avoid sentence disparities, and restitution to victims.  The decision to terminate the remaining term of supervised release falls within the court's discretion.  *Spinelle*, 41 F.3d at 1059.

As the moving party, the defendant bears the burden of establishing a basis for early termination of supervised release.  *United States v. Weber*, 451 F.3d 552, 559 (9th Cir. 2006).  Compliance with the terms and conditions of supervised release is necessary but not sufficient condition for a court to grant a motion for early termination.  *See United States v. Seger*, 577 F. App'x 1, 1 (1st Cir. 2014) (per curiam); *United States v. Sam*, No. 16cr184, 2018 WL 836055, at *1 (S.D.N.Y. Feb. 12, 2018).

The Court has considered the factors identified in the statute.  Defendant and the Government generally agree that Defendant has made productive use of his time on supervised release and has complied with the terms and conditions imposed.  The Government opposes early termination for one of the considerations identified in the statute: the nature and seriousness of the underlying offense.  The Court agrees.  In addition, Defendant has not identified any critical change of circumstances weighing in favor of early termination.  And, he has not indicated that the terms and conditions of supervised release are imposing a hardship that affects his ability to obtain employment or pursue educational opportunities.  Whether correlation or causation, Defendant is making progress under the current conditions of supervised release.

Accordingly, Defendant's motion for early termination of supervised release is **DENIED.**  Should Defendant continue to abide by the conditions without violation, the Court would entertain another request for early termination after July 1, 2021.  **IT IS SO ORDERED.**

Date:  June 17, 2020                                    /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge